IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODOLFO MARTINEZ, | § | |
| Plaintiff, | § § § § | |
| v. | § | 1:17-CV-681-RP |
| TEXAS WORKFORCE COMMISSION, | § § § | |
| Defendant. | § | |

## ORDER

Before the Court is the above-entitled action. On this day, the Court considered the Motion to Dismiss filed by the Texas Workforce Commission Civil Rights Division ("Defendant"), (Dkt. 6). Defendant filed the instant motion pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), which provide that a party may assert the defenses of insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4)–(5).

In the instant case, Plaintiff has failed to properly execute service of process.[1] Although Plaintiff filed an Affidavit of Service by Mike Techow, an employee of Austin Process LLC who states that he "deliver[ed] a true copy of the Plaintiff's Original Complaint" to an authorized agent of Defendant, (Techow Aff., Dkt. 3, at 1), the Federal Rules of Civil Procedure require that a summons be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). If sufficient service is

---

[1] This fact is, in itself, grounds for dismissal. See Fed. R. Civ. P. 12(b)(4)–(5). However, insufficient process and insufficient service of process also implicate a court's authority to exercise personal jurisdiction over a defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

not made within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, Plaintiff neither requested a summons from the Clerk of Court nor responded to Defendant's Motion to Dismiss.[2] **IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Dkt. 6), is **GRANTED**. All claims asserted by Plaintiff against Defendant in this action are **DISMISSED**.

**SIGNED** January 8, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Local Rules provide that the Court may grant a dispositive motion as unopposed if a response is not filed within 14 days. W.D. Tex. Local R. (7)(e)(2). Defendant's Motion to Dismiss was filed on November 3, 2017, (Dkt. 6); Plaintiff's response was therefore due on or before November 17, 2017. As of the date of this Order, no response has been filed.